IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

U-HAUL CO. OF ARKANSAS                                              PLAINTIFF

v.                          No. 4:23-cv-828-DPM

WILLIAM HYATT; CAMERON MUTUAL
INSURANCE COMPANY; SANTOSHI
KRUPA, LLC; TERRENCE MICHAEL
COLLINS; JOHN MICHAEL BYRD;
RICHARD ALLEN; CHRISTOPHER
SHAHAN; JESSE HENDERSON;
NATHANIEL MARTIN; FRANK LOUIS
JOHNSON; BRYAN SMITH; DONNA
BYBEE; BRYAN MCCLELLAN; and
JOHN DOES NOS. 1-20                                                DEFENDANTS

## AMENDED ORDER

William Hyatt didn't want to get stuck in traffic. So, he tried to make a U-turn in his rented U-Haul truck. This was a bad idea. Hyatt drove through a metal fence, which he dragged into several boats and trailers, causing damage. He then drove through two storage unit buildings at Santoshi's Sherwood Storage Solutions and another fence before finally stopping.

U-Haul of Arkansas provided Hyatt with $25,000.00 in insurance coverage for property damage. The policy was self-insured. U-Haul seeks to interplead the proceeds (less attorney's fees and costs) because it is facing competing claims to the money. Cameron Mutual

Insurance Company and Bryant McClellan don't object to interpleader. *Doc. 3 at 4 & Doc. 4 at 3.* None of the defendants responded to U-Haul's motion.

The requirements for statutory interpleader are met. 28 U.S.C. § 1335. Cameron Mutual Insurance Company, a citizen of Missouri, and Bryan McClellan, a citizen of Arkansas, claim the policy proceeds, which exceed $500. U-Haul is a disinterested stakeholder faced with competing claims. And the Court has personal jurisdiction over the parties.

U-Haul is entitled to a reasonable attorney's fee and costs. *Federated Mutual Insurance Co. v. Moody Station & Grocery*, 821 F.3d 973, 979 (8th Cir. 2016). The amount, though, must be modest. *Ibid.* Given counsel's experience, and the nature of the issues presented in this case, the Court approves an hourly rate of $250.00. The Court approves an hourly rate of $100 for paralegals, too. The lodestar is $8,855.00 — those rates multiplied by the combined 40.1 hours requested. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The filing fee and costs of serving the many defendants in this case are also reasonable.

Some reductions are warranted. The Court commends U-Haul's counsel for preemptively reducing his number of hours in the request for fees. The Court recognizes that serving all the defendants, particularly Hyatt, was unusually difficult.

Still, 32.3 hours to prepare and serve the complaint is too much. And the total amount of fees and expenses incurred — $10,492.00 — is almost forty-two percent of the funds available. All material things considered, the Court approves a total award of $2,500.00 in attorney's fees and $1,637.00 in expenses. This is the modest fee contemplated by precedent. *E.g, Federated Mutual Insurance Co.*, 821 F.3d at 979; *Hunter v. Federal Life Insurance Co.*, 111 F.2d 551, 557 (8th Cir. 1940).

\*

U-Haul's motion, *Doc. 47*, is granted as modified. The Court directs the Clerk to accept $20,863.00\* from U-Haul, which is the $25,000.00 in insurance proceeds, less the awarded fees and expenses, which U-Haul may pay its lawyers. The Court directs the Clerk to deposit the insurance proceeds in an interest-bearing account. The Court will dismiss U-Haul after the funds are deposited.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

2 January 2025

---

\* The original Order is amended to correct a typographical error.

- 3 -